IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW Z.,[1] | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 23 C 14358 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN O'MALLEY, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Matthew Z.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is denied, and the Commissioner's motion for summary judgment [Doc. No. 20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On May 8, 2018, Plaintiff filed an application for DIB, and on May 18, 2018, he applied for SSI, alleging disability since April 1, 2015. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 12, 2019. On September 26, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, but following an appeal to the federal district court, the case was remanded on February 25, 2022. *See Matthew Z. v. Kijakazi*, No. 20 C 5698, 2022 WL 580784 (N.D. Ill. Feb. 25, 2022).

A new telephonic hearing was held on November 28, 2022. Plaintiff personally appeared and was represented by counsel. An impartial Vocational Expert also testified. On December 7, 2022, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. §

404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 1, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder, schizoaffective disorder, and anxiety. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform the full range of work at all exertional levels with the following non-exertional limitations: simple instructions; simple work-related decisions; occasional changes in a routine work setting; maintaining concentration, persistence, and pace for two-hour periods of time, after which he would get a regularly-scheduled break; no public interaction; and no work requiring an hourly quota such as on an assembly line, instead, there should be end of the day production goals.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a packer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th

4

469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not

5

supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because: (1) she failed to evaluate the opinions of Plaintiff's treating psychiatrist consistent with the

6

regulations; (2) the RFC was not supported by substantial evidence; and (3) the ALJ's evaluation of Plaintiff's symptoms was insufficient.

### A. Treating Psychiatrist's Opinion

As described more fully in *Matthew Z.*, 2022 WL 580784, at *3, an ALJ must articulate how persuasive she found the medical opinions in the record according to factors including supportability, consistency, relationship with the claimant, and specialization, with supportability and consistency being the two most important factors. The ALJ's brief evaluation of Dr. Xu's opinion in the first case was insufficient, and she failed to give adequate reasons to discount it, so the matter was remanded for further proceedings.

In her latest decision, the ALJ reconsidered Dr. Xu's opinion in light of the remand order. She again found the opinion to be not well supported and inconsistent with the medical evidence. She noted that his form opinion lacked a narrative explanation; the opinion was vague, not issued in vocationally relevant terms, and did not reflect specific work-related limitations; it was not consistent with examinations performed by other medical professionals; and Dr. Xu's conclusions were not supported by his own treatment notes. The ALJ further noted that Dr. Xu's examinations of Plaintiff showed significant improvement and stability from late 2019 through August 2022.

Plaintiff argues that the ALJ's new evaluation of Dr. Xu's opinion is as deficient as the first. However, he does not show that the ALJ failed to evaluate the opinion, only that the reasons given for discounting it are not wholly persuasive.

7

The Seventh Circuit has made it clear that an ALJ must only minimally articulate reasons for her conclusions; the ALJ here did adequately support her conclusions with evidence. The fact that another ALJ or court may weigh the evidence differently is not a sufficient reason to reject the decision.

### B. Concentration, Persistence, and Pace

Plaintiff next contends that the ALJ failed to fully account for his moderate limitations in the ability to maintain concentration, persistence, and pace. Plaintiff's RFC limited him to simple instructions; simple work-related decisions; occasional changes in a routine work setting; maintaining concentration, persistence, and pace for two-hour periods of time, after which he would get a regularly-scheduled break; no public interaction; and no work requiring an hourly quota such as on an assembly line, instead, there should be end of the day production goals. Plaintiff argues that the ALJ improperly failed to indicate what conditions caused his problems in this area and then explain how the RFC limitations accommodated those limitations.

Plaintiff specifically maintains that the ALJ erred by not limiting him to one- or two-step instructions, noting that such a limitation was suggested by agency consultant Dr. Yakin. Although Plaintiff is correct that Dr. Yakin's opinion was formed after reviewing Dr. Xu's treatment notes, the one- or two-step limitation was not urged by Dr. Xu or any other treating or consulting physician. The ALJ's decision not to include in the RFC a limitation offered by only one physician is not reversible error.

Plaintiff has thus not met his burden of demonstrating that the RFC suggested by the ALJ did not adequately account for his limitations. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) (explaining that the claimant "bears the burden of proving that she is disabled" and must present medical evidence linking her medical impairment to a functional limitation); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").

## C. Plaintiff's Symptoms

On remand, the ALJ concluded that Plaintiff's statements about the severity of his limitations are not consistent with the evidence. For example, although Plaintiff claimed his symptoms had gotten worse since 2019, Dr. Xu's mental status exams showed improvement from 2020 to 2022. Despite Plaintiff's claim that he suffered a manic episode every couple of months even with medication, he was not treated for any acute manic episodes after his alleged onset date, and Plaintiff told a psychiatrist on September 30, 2022 that his medication had prevented him from having manic symptoms. In addition, his claims that his symptoms impaired his ability to care for his hygiene were belied by his appearance at his treatment appointments. As for his activities of daily living, the ALJ found that his claims of sleeping all day were contradicted by his ability to drive his sister to activities, to perform household tasks, to shop in stores an hour a week, to regularly spend time with others, and to prepare his own meals.

Again, Plaintiff's arguments wrongly focus on the persuasiveness of the evidence relied on by the ALJ. The ALJ has minimally articulated her reasons for finding his activities of daily living do not support a finding of disability. Substantial evidence supports the ALJ's decision, and thus this Court will not disturb her conclusions, even if the evidence is not overwhelming.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is denied, and the Commissioner's motion for summary judgment [Doc. No. 20] is granted.

**SO ORDERED.**   **ENTERED:**

**DATE:    September 30, 2024**    _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**